IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02543-NYW-MDB

JUDY ALEXANDER,

    Plaintiff,

v.

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. 26, filed June 30, 2022]. Upon review of the Motion and the associated briefing, the applicable case law, and the record before the Court, the Court concludes that oral argument will not materially assist in the resolution of this matter. For the reasons set forth below, the Motion for Summary Judgment is respectfully **GRANTED**.

## BACKGROUND

The below material facts are drawn from the Parties' final Statement of Undisputed Material Facts, [Doc. 37], and the record before the Court and are undisputed unless otherwise noted. Plaintiff Judy Alexander ("Plaintiff" or "Ms. Alexander") held a homeowner's insurance policy through her insurer, Defendant USAA Casualty Insurance Company ("Defendant" or "USAA"). [Doc. 6 at ¶ 10; Doc. 11 at ¶ 10]. In 2015, Ms. Alexander submitted an insurance claim to Defendant, which arose out of hail and water damage to her Colorado Springs home. [Doc. 37

at ¶ 1; Doc. 27-1 at 4:23-5:1, 26:16-25].[1] Ms. Alexander hired Black Label Restoration and Cleaning ("Black Label") to complete related repairs to her home and entered into a contract with Black Label for home-repair services on April 20, 2016. [Doc. 37 at ¶¶ 3-4; Doc. 27-1 at 37:15-39:2, 45:1-20, 71:12-72:24].[2] After Black Label began its repairs, Ms. Alexander took issue with the quality of its repair work. [Doc. 37 at ¶ 5; Doc. 27-1 at 47:18-25]. On October 14, 2016, Ms. Alexander sent an email to USAA setting out her complaints about Black Label's work. [Doc. 37 at ¶ 6; Doc. 27-3]. The next month, Ms. Alexander complained to the Better Business Bureau about Black Label's allegedly deficient work. [Doc. 37 at ¶ 7; Doc. 27-5].

Then, on January 23, 2018, Ms. Alexander's attorney sent a letter to USAA, advising USAA of his representation of Plaintiff with respect to defects in Black Label's repairs and complaining that USAA had not provided proper support to Plaintiff in monitoring Black Label's work. [Doc. 37 at ¶¶ 8-9; Doc. 27-6]. USAA responded that it "[did] not warranty any of the repairs completed by [Plaintiff's] repair company." [Doc. 37 at ¶ 10; Doc. 27-4 at 168:5-7].[3] The insurance policy issued by USAA to Plaintiff "does not contain any provisions requiring USAA . . . to monitor or supervise contractors hired by an insured." [Doc. 37 at ¶ 14]; *see generally* [Doc. 27-8].

---

[1] The Parties' Statement of Undisputed Material Facts does not indicate the exact date on which Plaintiff's insurance claim was submitted. *See* [Doc. 37 at ¶ 1]. However, in their briefing, each Party represents that the claim was filed in 2015. *See* [Doc. 26 at 5; Doc. 33 at 1]; *see also* [Doc. 27-1 at 26:16-21]. The specific date of Plaintiff's claim is not material to the Court's analysis on the Motion for Summary Judgment.

[2] Ms. Alexander states that this fact is "[p]artially [d]isputed" because USAA provided her a list of contractors and she hired Black Label "[o]nly after the initial contractor on Defendant's list did not respond." [Doc. 37 at ¶ 3]. However, Ms. Alexander does not dispute that she hired Black Label. [*Id.*].

[3] Plaintiff responds that "it was not Judy Alexander['s] repair company as it was recommended by Defendant," but does not dispute the contents of the letter. [Doc. 37 at ¶ 10].

Plaintiff initiated this action in the District Court for El Paso County, Colorado on January 6, 2021, naming Black Label and USAA as Defendants. [Doc. 4]. After Black Label was dismissed as a party while the case was pending in state court, *see* [Doc. 7], USAA removed the case to federal court on September 17, 2021. [Doc. 1]. Plaintiff asserts one claim of negligence against USAA. [Doc. 6 at 6]. She alleges that "USAA . . . treated Plaintiff in a negligent matter pertaining [to] the handling of the insurance claim and remodel of the home" because USAA "failed to properly defend and negotiate the claim of Plaintiff or assist her against the actions of [Black Label]." [*Id.* at ¶¶ 53-54]; *see also* [*id.* at ¶ 58 (Plaintiff alleging that USAA "provided zero additional help on the insurance matter")]. USAA filed its Motion for Summary Judgment on June 30, 2022, arguing that it is entitled to summary judgment on Plaintiff's sole claim. [Doc. 26]. Ms. Alexander responded in opposition to the Motion, *see* [Doc. 33], and Defendant has since replied. [Doc. 36]. The matter is thus ripe for adjudication.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]t is not the party opposing summary judgment that has the burden of justifying its claim; the movant must establish the lack of merit." *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1110 (10th Cir. 2009). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact

3

exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. 2022) (explaining that the nonmovant cannot rely on "mere reargument of his case or a denial of an opponent's allegation" to defeat summary judgment). In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

## ANALYSIS

USAA raises three arguments in its Motion for Summary Judgment. First, it contends that Plaintiff's negligence claim is legally untenable because "Colorado [law] does not recognize a negligence claim against an insurance carrier" and because Plaintiff has failed to establish any legal duty owed by USAA to Ms. Alexander. [Doc. 26 at 3]. In the alternative, Defendant asserts that Plaintiff's claim is time-barred by the applicable statute of limitations. [*Id.* at 5]. And finally, it argues that Plaintiff cannot establish damages, which is fatal to her negligence claim. [*Id.* at 6]. The Court finds Defendant's first argument dispositive and limits its analysis accordingly.[4]

---

[4] Defendant's argument based on the statute of limitations does not raise jurisdictional concerns, *see Sanchez v. City of Littleton*, 491 F. Supp. 3d 904, 913 (D. Colo. 2020), and thus, the Court need not address the timeliness argument first.

USAA argues that Plaintiff's negligence claim must fail because Colorado law does not recognize negligence claims by an insured against an insurer. [Doc. 26 at 4]. The Court respectfully agrees. "Negligence in the abstract consists of a failure to exercise reasonable care in order to protect others from harm." *United Blood Servs., a Div. of Blood Sys., Inc. v. Quintana*, 827 P.2d 509, 523 (Colo. 1992). To prevail on a claim of negligence generally, a plaintiff must demonstrate that (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was damaged; and (4) the defendant's breach caused the plaintiff's injury. *Raleigh v. Performance Plumbing & Heating*, 130 P.3d 1011, 1015 (Colo. 2006).

But "a claim for simple negligence against an insurer or its agent is not recognized in Colorado." *Jordan v. City of Aurora*, 876 P.2d 38, 43 (Colo. App. 1993). Instead, in the context of the insurer-insured relationship, claims challenging the insurer's claims-handling conduct, like Plaintiff's, are typically classified as "bad faith" claims.[5] Indeed, a number of courts have concluded that a plaintiff may not bring simultaneous claims for common-law bad faith and negligence against an insurance company. *See, e.g.*, *Peerless Indem. Ins. Co. v. Colclasure*, No. 16-cv-00424-WJM-CBS, 2017 WL 633046, at *12 (D. Colo. Feb. 16, 2017); *Martinez v. Allstate Ins. Co.*, No. 20-cv-00659-DDD-NRN, 2021 WL 326583, at *5 (D. Colo. Jan. 15, 2021), *report and recommendation adopted*, 2021 WL 4472912 (D. Colo. Sept. 30, 2021); *Bankr. Est. of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 528 (Colo. App. 2008); *Snyder v. ACORD Corp.*, No. 14-cv-

---

[5] In Colorado, every insurance company has a legal duty to deal with the insured in good faith. *Gustafson v. Am. Fam. Mut. Ins. Co.*, 901 F. Supp. 2d 1289, 1303 (D. Colo. 2012). While the duty of good faith and fair dealing is implied in every Colorado contract, "[i]n most contractual relationships, a breach of this duty will only result in damages for breach of contract and will not give rise to tort liability." *Goodson v. Am. Standard Ins. Co. of Wis.*, 89 P.3d 409, 414 (Colo. 2004). But "[d]ue to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Id.* (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)).

01736-JLK, 2016 WL 192270, at *14 (D. Colo. Jan. 15, 2016), *aff'd*, 684 F. App'x 710 (10th Cir. 2017). As discussed more fully below, Plaintiff fails to identify any authority to contradict this legal authority, *see* [Doc. 33 at 2-5], and the Court could locate no Colorado authority permitting a negligence claim against an insurance company.[6]

Indeed, even Plaintiff does not dispute that general negligence claims are unavailable against insurers under Colorado law. *See* [Doc. 33 at 3]. Instead, Plaintiff asserts that "[u]pon information and belief, not all negligence claims are barred," distinguishing a *simple* negligence claim, as referenced in *Jordan*, from a claim of *gross* negligence. [*Id.*]. "It is Plaintiff's contention that Defendant's behavior rises to the level of gross negligence which is a claim that can stand on its own merits and, upon information and belief, does not fall under the umbrella of a claim for simple negligence." [*Id.*]. Plaintiff does not cite any case law in support of her argument, *see generally* [*id.*], and arguments "upon information and belief" are insufficient to demonstrate the viability of Plaintiff's claim. This Court will not "fill the gaps in undeveloped arguments unsupported by citations to relevant authority." *Cahill v. Am. Fam. Mut. Ins. Co.*, 610 F.3d 1235, 1238 (10th Cir. 2010); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001)

---

[6] That common-law bad-faith claims take the place of negligence claims is no surprise given the similarity between bad-faith claims and negligence claims. In the third-party bad-faith context—where "an insurance company acts unreasonably in investigating, defending, or settling a claim brought by a third person against its insured," *see Gustafson v. Am. Fam. Mut. Ins. Co.*, 901 F. Supp. 2d 1289, 1303 (D. Colo. 2012)—the insured's bad-faith claim is akin to a negligence claim. *See id.*; *see also Farmers Grp., Inc. v. Trimble*, 691 P.2d 1138, 1142 (Colo. 1984) ("Given the quasi-fiduciary nature of the insurance relationship, we are persuaded that the standard of conduct of an insurer in relation to its insured in a third party context must be characterized by general principles of negligence."). But in the first-party context—such as this case—"there is no quasi-fiduciary duty," and "the standard of conduct is different." *Goodson*, 89 P.3d at 415. To succeed on a common-law bad faith claim in the first-party context, a plaintiff must demonstrate something *greater* than simple negligence. Rather, "[t]he standard for measuring the conduct of an insurer includes two elements: unreasonable conduct, and knowledge that the conduct is unreasonable or a reckless disregard for the fact that the conduct is unreasonable." *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1272 (Colo. 1985).

(observing that the court has no obligation to make arguments or perform research on behalf of litigants).

Furthermore, in its Reply, USAA disputes that Plaintiff has pled a claim for gross negligence, arguing that Plaintiff's Amended Complaint raises only a claim for simple negligence. [Doc. 36 at 2]. The Court respectfully agrees with Defendant. Gross negligence is a separate claim from ordinary negligence. *See United States Welding, Inc. v. Tecsys, Inc.*, No. 14-cv-00778-REB-MEH, 2014 WL 10321666, at *15 (D. Colo. Dec. 1, 2014), *report and recommendation adopted*, 2015 WL 5174227 (D. Colo. Sept. 3, 2015). "Gross negligence is willful and wanton conduct, that is, action committed recklessly, with conscious disregard for the safety of others." *Hamill v. Cheley Colo. Camps, Inc.*, 262 P.3d 945, 954 (Colo. App. 2011). Willful and wanton conduct "extends beyond mere unreasonableness" and is instead "purposeful conduct committed recklessly that exhibits an intent consciously to disregard the safety of others." *Forman v. Brown*, 944 P.2d 559, 564 (Colo. App. 1996). "The common thread that separates [gross negligence] from ordinary negligence is that the defendant's conduct is so aggravated as to be all but intentional." *White v. Hansen*, 837 P.2d 1229, 1233 (Colo. 1992).

Plaintiff's claim is classified simply as "[n]egligence," *see* [Doc. 6 at 6], and nowhere in the Amended Complaint does Plaintiff describe USAA's alleged conduct as willful, wanton, or reckless; rather, she alleges that USAA was "careless" in its dealings with Plaintiff. [*Id.* at ¶¶ 55-56]; *see also* [Doc. 21 at 3 (Plaintiff stating in the Parties' Scheduling Order that USAA "acted in a careless manner, thereby resulting in harm to Plaintiff")]. A party may not amend her pleading in a response to a motion for summary judgment. *See Martinez v. Santa Fe Civic Hous. Auth., Inc.*, No. CIV-02-0993 JC/WDS, 2003 WL 27385029, at *2 (D.N.M. July 10, 2003) ("As Defendants filed their motion for summary judgment based upon the nature of the claims as

7

articulated in the existing complaint, it would be unjust to allow Plaintiff to redefine those claims at this juncture and in this procedurally defective manner."); *D'Souza-Klamath v. Cloud Cnty. Health Ctr., Inc.*, No. 07-4031-KGS, 2009 WL 902377, at *17 (D. Kan. Mar. 31, 2009) (a plaintiff is "prohibited from attempting to articulate a new theory [in her response brief] in order to avoid summary judgment"), *aff'd*, 363 F. App'x 658 (10th Cir. 2010).  Unsupported, belated new theories of relief are insufficient to preclude summary judgment here.[7]

Even if the Court were to construe Plaintiff's claim as a gross negligence claim, the Court would nevertheless conclude that Defendant is entitled to summary judgment here.  USAA argues that Plaintiff cannot demonstrate that USAA breached any duty owed to Ms. Alexander because under Colorado law, "an insurer does not have a general duty to monitor or supervise remediation work performed by a contractor hired by an insured," even if the insured hired the contractor based on the insurer's recommendation.  [Doc. 26 at 4].  Plaintiff responds that "[i]t is Plaintiff's contention that the relationship of an insurance company to [its] client creates a legal duty between the parties" and that "Defendant's duty was breached when the Defendant failed to act and did not protect Judy Alexander despite phone calls in which she told the Defendant that [its] recommended contractor, Black Label[,] was failing."  [Doc. 33 at 3].  She further asserts that "Defendant has a duty to provide insurance and to provide solutions to valid claims filed against the policy."  [*Id.* at 5].  Plaintiff cites no legal authority in support of her contentions.  [*Id.* at 3-5].

"A negligence claim fails where the law does not impose a duty on the defendant to act for the plaintiff's benefit."  *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005).  Whether a defendant

---

[7] Furthermore, Ms. Alexander does not provide any support for her theory of gross negligence; she does not explain why USAA's conduct was willful or wanton, *see* [Doc. 33], does not raise any disputes of material fact, [Doc. 37], and submits no evidence in support of her claim.  *See* [Doc. 33; Doc. 37].

8

owes a legal duty to the plaintiff under particular circumstances is a question of law to be determined by the Court. *Id.* at 448. If there is such a duty, the factfinder then determines whether the defendant breached that duty. *Id.* Relevant here, in the context of a common-law bad faith claim, the Colorado Court of Appeals has held that

> when an insured selects and retains an independent contractor, even upon the recommendation of his or her insurer, *the insured has primary responsibility for supervising the contractor*, absent any representation that the insurer would assume that duty. [And] when an independent contractor's negligence causes damage beyond the initial loss, *the insured's proper remedy is to recover from that contractor*. . . . To hold otherwise would effectively render an insurer the liability carrier for any independent contractor performing work for its insured.

*Dunn v. Am. Fam. Ins.*, 251 P.3d 1232, 1236 (Colo. App. 2010) (emphasis added) (citations omitted). In other words, an insurance company "ha[s] no duty to effectively act as [a contractor's] liability insurer." *Id.* Here, as in *Dunn*, it is undisputed that Plaintiff, not USAA, hired Black Label. [Doc. 37 at ¶ 3; Doc. 27-1 at 45:14-20]. While Plaintiff contends that she only did so on USAA's recommendation, *see* [Doc. 37 at ¶ 3; Doc. 33 at 5], any dispute over whether USAA recommended Black Label or Plaintiff relied upon such recommendation in hiring Black Label is not material to this case under *Dunn*: "when an insured selects and retains an independent contractor, *even upon the recommendation of his or her insurer*, the insured has primary responsibility for supervising the contractor, absent any representation that the insurer would assume that duty." *Dunn*, 251 P.3d at 1236 (emphasis added). Here, it is undisputed that the applicable insurance policy did not contain any provisions requiring USAA to monitor or supervise the work of contractors hired by Plaintiff. [Doc. 37 at ¶ 14].

Plaintiff does not address the *Dunn* decision in her briefing. Instead, she simply recites an insurer's general obligations in dealing with its insured in good faith: "[i]nsurance companies must act in good faith when handling a claim; thoroughly investigate claims; respond to claims

9

promptly; pay or deny claims within a reasonable time; and if denying a claim, provide a written explanation of the reasons for the denial." [Doc. 33 at 3]; *see also* Colo. Rev. Stat. § 10-3-1104(1)(h)(II), (IV)-(V), (XIV) (the Unfair Claims Settlement Practices Act ("UCSPA") setting out an insurer's various good-faith duties); *Baker v. Allied Prop. & Cas. Ins. Co.*, 939 F. Supp. 2d 1091, 1106-09 (D. Colo. 2013) (explaining that the UCSPA is relevant to determining the reasonableness of the insurer's conduct). Setting aside the fact that Plaintiff's Amended Complaint plainly asserts a negligence claim, *not* a bad faith claim, *see* [Doc. 6 at 6]; *Martinez*, 2021 WL 326583, at *5, and the fact that Plaintiff does not suggest or explain how USAA breached those generalized duties of good faith, *see* [Doc. 33], the *Dunn* court expressly held that an insurer's duty of good faith and fair dealing does not require it to ensure that its recommended contractor performs satisfactory work. *Dunn*, 251 P.3d at 1236. Absent any substantive argument from Plaintiff demonstrating any other cognizable legal duty, Plaintiff has not established any legal duty on the part of Defendant under the circumstances of her negligence claim.[8]

For the reasons set forth herein, the Court concludes that, as a matter of law, Plaintiff cannot succeed on her sole claim against Defendant. *See Kellner v. Schultz*, 937 F. Supp. 2d 1319, 1323 (D. Colo. 2013) ("A negligence claim will fail if it is predicated on circumstances for which the law imposes no duty on the defendant."). Summary judgment in favor of USAA is thus appropriate, and the Motion for Summary Judgment is respectfully **GRANTED**.

---

[8] Plaintiff asserts that "[t]he Defendant's nonchalant response [to Plaintiff's complaints] and failure to help [its] client is surely a failure to act in good faith and fair dealings with Judy Alexander" and "[t]he failure of Defendant to vet [its] contractors led to [its] employees recommending a contractor that Defendant ended up suing for recovery of funds; funds which Defendant kept paying to Black Label, despite numerous warnings." [Doc. 33 at 5]. But Plaintiff cites no legal authority for the proposition that an insurer has a legal duty to its insured to "vet" its contractors. *See* [*id.*]. Moreover, Plaintiff submits no evidence in support of her assertion that Defendant "fail[ed] to help" Plaintiff. [*Id.*].

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1)   Defendant's Motion for Summary Judgment [Doc. 26] is **GRANTED**;

(2)   The Clerk of Court shall **ENTER** judgment in favor of Defendant USAA Casualty Insurance Company and against Plaintiff Judy Alexander;

(3)   Defendant, as the prevailing party, is **AWARDED** its costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Local Rule 54.1; and

(4)   The Clerk of Court is **DIRECTED** to close this case.

DATED:  October 4, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge